UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>PAYLINK PAYMENT PLANS, LLC,<br><br>*Defendant*. | 1:22-cv-1225<br><br>**COMPLAINT** |

## INTRODUCTION

1. This action concerns Defendant's forcing of its advertisements on Plaintiff and thousands of other persons throughout the United States in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The allegations contained herein are based upon Plaintiff's personal knowledge as to himself and his own acts and experiences; and otherwise upon information and belief, including investigation.

3. Defendant, in the course of selling its services, placed, in violation of the TCPA, thousands of telephone calls, to residential and cellular telephone lines, using a pre-recorded message and/or an artificial voice.

4. Plaintiff brings this action individually and intends to maintain this action on behalf of all other persons to whose residential or cellular telephone number one or more of Defendant's telephone calls were placed during the period beginning four years prior to the commencement of this action until the resolution of this action (hereinafter, Plaintiff and the other persons described in this paragraph are referred to as the "Class," and each is referred to as a "Class Member").

1

5. Plaintiff seeks, individually, statutory damages and injunctive relief, and intends to seek the same relief on behalf of the other Class Members.

6. The term "person," as used in this Complaint, incorporates the definition of "person" provided by 47 U.S.C. Section153 (39).

## PARTIES

7. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

8. Defendant, PayLink Payment Plans, LLC ("PayLink"), is a limited-liability compnay organized and existing under the laws of Delaware, and has a principal place of business at 222 South Riverside Plaza, Chicago, Illinois  60606.

## APPLICABLE LAW

9. With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

10. With respect to cellular telephone numbers, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The Federal Communications Commission ("FCC") is the agency that is authorized to issue regulations implementing the TCPA. *See* 47 U.S.C. § 227(b)(2).

12. The FCC requires that "a[] telephone call to a[] residential line using an artificial or prerecorded voice to deliver a message" be preceded by "prior express written consent" if the telephone call "include[s] or introduce[s] an advertisement or constitute[s] telemarketing." 47 C.F.R. § 64.1200(a)(3)(iii).

13. The FCC requires that a telephone call that is made to a cellular telephone number be preceded by "prior express written consent" if the telephone call "includes or introduces an advertisement or constitutes telemarketing, using . . . an artificial or prerecorded voice." 47 C.F.R. § 64.1200(a)(2).

14. The TCPA and the FCC define "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5), 47 C.F.R. § 64.1200(f)(16).

15. The FCC defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13).

16. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 28 U.S.C. Section 1331.

18. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

19. PayLink does business as PayLink Direct.

20. PayLink is a nationwide marketer, financier, and payment processor for automotive extended-warranty plans, which are known as vehicle service contracts ("VCSs").

3

21. Throughout the past four years, PayLink has utilized prerecorded telephone calls to market VCSs.

22. On or about February 15, 2022, PayLink made a telephone call ("Bank's PayLink Call").

23. Bank's PayLink Call was made to a residential telephone line.

24. At all relevant times, Bank has been a regular user of the residential telephone line to which Bank's PayLink Call was made.

25. Upon the answering of Bank's PayLink Call, a message was played that was obviously pre-recorded, as it sounded robotic, did not respond when spoken to, did not ask to speak to any particular person, and stated "press one to speak to your coverage specialist now."

26. Upon which the pressing of the "1" key on the telephone, Bank's PayLink Call was transferred, first, to an employee of PayLink, and, second, to another employee of PayLink, who tried to sell a PayLink VSC to Bank.

27. Bank's PayLink Call included and introduced an advertisement.

28. Bank's PayLink Call constituted telemarketing.

29. Bank's PayLink Call was made without the prior express written consent of any person who had the legal right to provide such consent.

30. PayLink placed, to recipients other than Bank, thousands of telephone calls that were identical or materially similar to Bank's PayLink Call and that was made without the prior express written consent of any person who had the legal right to provide such consent ("Additional PayLink Calls," and, together with Bank's PayLink Call, the "PayLink Calls").

31. The PayLink Calls temporarily caused the receiving telephone line to be unavailable for other uses.

32. The PayLink Calls disturbed the peace, solitude, and tranquility of Bank and the other Class Members.

33. The PayLink Calls annoyed and frustrated Bank and the other Class Members.

34. The PayLink Calls were a nuisance to Bank and the other Class Members.

## CAUSE OF ACTION

35. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "34" inclusive of this Complaint as if fully set forth herein.

36. The placement of the PayLink Calls violated 47 U.S.C. Section 227(b)(1).

37. Bank and the other Class Members are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining PayLink from violating 47 U.S.C. Section 227(b)(1).

38. Bank and Class Members are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

39. In the event that PayLink willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other Class Members are entitled up to an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## CLASS ALLEGATIONS

40. Bank brings this action individually, and intends to maintain this action, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), on behalf of all other persons to whose residential or cellular telephone number one or more PayLink Calls were made during the period beginning four years prior to the commencement of this action until the resolution of this action (the "Class Period").

41. There are thousands of persons who are similarly situated to Bank and would therefore be Class Members.

42. Excluded from the Class are PayLink, any subsidiary or affiliate of PayLink, and the directors, officers, and employees of PayLink or of their subsidiaries and affiliates.

43. Bank's individual claims are, both factually and legally, typical of the putative claims of the other Class Members.

44. Bank would fairly and adequately protect the interests of the other Class Members. Bank has no interests that are antagonistic to, or in conflict with, the other Class Members. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Class Members is impracticable, and because the damages suffered by most of the individual Class Members are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Class Members to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

46. Common questions of law and fact predominate over questions that affect only individual Class Members. Among those questions are:

(i) whether PayLink made telephone calls to residential or cellular telephone lines;

(ii) whether PayLink violated Section 227(b)(1) of the TCPA;

(iii) whether PayLink willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iv) whether the Class Members are entitled to damages as a result of PayLink's violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

(v) whether the Class Members are entitled to injunctive relief as a result of PayLink's violations of Section 227(b)(1) of the TCPA.

6

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)  Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(b)  Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Class Members; and

(c)  Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Class Members, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

Dated: March 7, 2022

Respectfully submitted,

  s/ *Todd C. Bank*
TODD C. BANK
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*